UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| MONICA POSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| WOL, INC., SHARONNDA BAXTER, | ) |
| AND WILLIAM ("BILL") BAXTER, | ) **JURY DEMAND** |
| | ) |
| Defendants. | ) |

# COMPLAINT

Now comes MONICA POSTON ("Plaintiff"), complaining as to WOL, INC., SHARONNDA BAXTER and WILLIAM BAXTER (collectively, "Defendants").

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial portion of the events giving rise to the claims occurred within this District.

4. Venue is further proper because all Defendants are residents of this District.

[ 1 ]

**PARTIES**

5. Plaintiff is a natural person residing in Tennessee.

6. Defendant WOL, INC. is a partnership with its principal place of business in this District.

7. Defendant WOL, INC., despite having "INC." in its name, is not a corporation registered with the New York Secretary of State's Office.

8. Defendant Sharonnda Baxter is a natural person residing within this District. Sharonnda Baxter is, on information and belief, a partner at WOL, INC.

9. Defendant William Baxter is a natural person residing within the State of New York. William Baxter is, on information and belief, a partner at WOL, INC. and serves as its collection manager, overseeing all day-to-day operations.

**FACTS SUPPORTING CAUSES OF ACTION**

10. On or around June 22, 2018, William Baxter and Sharonnda Baxter founded a business together that they named "WOL, INC."

11. On information and belief, the two of them agreed not to register the company with the New York Secretary of State in order to avoid regulatory scrutiny; to avoid FDCPA lawsuits; and to confuse consumers.

12. The two selected the misleading name "WOL, INC." for their business to make consumers believe that they were operating a corporation, even though no such corporation was ever formed.

13. Further, they selected highly threatening and misleading "shakedown" scripts for WOL, INC. with the intention of threatening consumers like Plaintiff.

14. Sharonnda Baxter and William Baxter purposefully selected a box at "The UPS Store" to serve as their purported mailing address for the enterprise, such that they could give their address to consumers as "3842 Harlem Rd, Ste 147, Buffalo, NY 14215-1935."

15. In reality, the "Suite" number is just a box number at The UPS Store—not the real physical address for their enterprise.

16. During 2019 and early 2020, William Baxter and Sharonnda Baxter conspired to aggressively use false threats of criminal prosecution and lawsuits against consumers to extort payments from those consumers.

17. For instance, one consumer described the following conduct by Mr. Baxter in July 2019:

> Company calls multiples times - work and personal numbers - leaves messages complaints being filed in court, but does not provide any further information. Appears to be inappropriate and threatening. The company does not call from their number, but spoofs numbers from numbers in area.

18. In October 2019, another consumer stated:

> Called sayin I would need to be home on Thursday from 12-3pm to sign some documents. I get a call like this like once a year since 2012, its gettin quite ridiculous

19. That same month, another consumer reported:

> Received same type of call advising that someone will be going to my work and/or home between the hours of 12-3pm & I must be present to sign some documents

20. Another consumer described his experience with WOL, INC. in November 2019 in this way:

[ 3 ]

> A Mr. Baxter contacted me from this company from the number [redacted], a google search shows this phone number belongs to a local insurance company in my state. He told me of a lawsuit pending and garnishment for a loan I paid off years ago. I was to pay him $1010 today or I would face criminal charges. I contacted the company he claimed I owed the loan to, who showed me the account is paid in full. Mr Baxter gave me the number 877-805-3865 to contact him back or he would be at my home to arrest me tonight. When I did and asked where he would like the paid in full letter sent to, he told me nevermind and hung up. I think this company is scamming people for money, if it is in fact a company.

21. Thus, during the second half of 2019 and the first half of 2020, WOL, INC. was carrying out the type of harassing collection tactics that William Baxter and Sharonnda Baxter had conspired to put in place.

22. Further, William Baxter personally oversees the collection activities of WOL, INC. as its collections manager, including, on information and belief, the conduct described in this Complaint.

23. On information and belief, Plaintiff incurred a payday loan debt (the "debt" or the "account"), which she used to cover her everyday household expenses, such as, for instance, rent and groceries.

24. After the debt went into default, Defendants received it and began to collect upon it.

25. On or around January 14, 2020, Defendant WOL, INC. through its agent, left the following voicemail:

[ 4 ]

> Hello, this message is for Monica Poston, this is Michael Roberts, and I'm a private currier for your area. I'm giving you a call today ma'am regarding some documentation that requires your signature. If you could make yourself available on Thursday between the hours of 12:00 and 3:00 PM with two, I repeat two, valid forms of ID along with a witness to sign off on the documentation. I assume that you're going to be at work at this time, so I'm gonna stop by there first. If you aren't there, I'm going to speak with your supervisor who will give me a good time that you will be there. And then I'm headed to your home. If you don't turn up there, I'm headed to a family member's household, covering all boundaries seeing if they can help. If you want to reschedule your (inaudible), you must contact the following party at 8778053865, other than that make yourself available, I will see you soon.

26. This threat of contacting the Plaintiff's work supervisor and family members would cause for the Plaintiff's family members and supervisors to learn of the debt.

27. Defendants did not have the intention and legal ability to bring a collections lawsuit against Plaintiff in New York, as WOL, INC. is not registered with the New York Secretary of State to do business in the State of New York.

28. Plaintiff, concerned about the debt, had her counsel contact Defendant WOL, INC. and Defendants Sharonnda and William Baxter by certified mail on February 4, 2020.

29. Plaintiff's counsel, in the letter, informed these Defendants that Plaintiff was represented by counsel and requested a verification of the debt.

30. Defendants did not respond with verification of debt.

31. Despite Plaintiff counsel's repeated attempts to contact all three Defendants about the debt, the Defendants have failed to provide any response.

## COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff realleges the paragraphs above as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

34. Defendants WOL, INC., Sharonnda Baxter, and William Baxter are "debt collector[s]" as defined by § 1692a(6) of the FDCPA because the principal purposes of their business is the collection of debts, and because they use the instrumentalities of interstate commerce to do so.

35. In the alternative, Defendants are "debt collector[s]" under § 1692(a)(6) because they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

36. The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, being in this case a purported account used for the purchase of groceries and to pay personal rent.

37. Defendant WOL, INC. violated the FDCPA in the following ways:

   **a.** Placing a phone call without meaningfully disclosing its identity in violation of § 1692d(6);

   **b.** Falsely threatening legal actions or falsely implying that legal actions were already being taken, in violation of § 1692e(5);

   **c.** Falsely threatening to disclose information regarding Plaintiff's debt to Plaintiff's family members and work supervisor (which Defendants, pursuant to §§ 1692b and § 1692c, had no legal ability to do);

[ 6 ]

  **d.** Failing to disclose in their communications that the communication was from a debt collector and that any information obtained would be used for that purpose, in violation of § 1692e(11);

  **e.** Claiming that the debt collector is "WOL, INC.," when in reality there is no corporation registered in that name, in violation of § 1692e generally;

  **f.** Failing to validate the debt, in violation of § 1692g(a);

  **g.** Overshadowing Plaintiff's legal rights by making threats to her within the 30-day verification period, in violation of § 1692g(b);

  **h.** Attempting to collect on a debt not owed, in violation of § 1692e(2)(A) and § 1692f(1).

  38. Defendants Sharonnda Baxter and William Baxter are personally liable for the actions of WOL, INC. because WOL, INC. is not a corporation, but rather is a general partnership, and they are liable as principals for the actions of the partnership.

  39. In the alternative, Sharonnda Baxter and William Baxter are liable because they conspired together as described above to use WOL, INC. as a vehicle for committing FDCPA violations, including those against Plaintiff.

  40. Further, William Baxter is liable for all of the violations described above because, as an on-site collections manager, he personally oversaw all of the activities described above.

  41. Further, Sharonnda Baxter is liable for the failure to verify the debt because she personally participated in this violation by receiving Plaintiff's debt verification letter and failing to respond.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

b. Awarding Plaintiff actual damages as provided under 15 U.S.C. § 1692k(a)(1);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  September 27, 2020

By:  s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
*Attorney for Plaintiff*