UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

MONICA POSTON,

        Plaintiff,

    v.                              20-CV-1379-LJV-MJR
                                              DECISION & ORDER

SHARONNDA BAXTER, *et al.*,

        Defendants.

───────────────────────────────

On September 27, 2020, the plaintiff, Monica Poston, filed this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Docket Item 1. On November 10, 2020, this Court referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 10. On March 29, 2021, Poston filed a notice of acceptance of defendant Sharonnda Baxter's offer of judgment under Federal Rule of Civil Procedure 68, Docket Item 18, and the Clerk of the Court entered an interim judgment against Sharonnda Baxter on April 6, 2021, Docket Item 19. On March 21, 2022, this Court accepted and adopted Judge Roemer's recommendation to award Poston $5,690 in attorney's fees and costs and entered judgment in that amount against Sharonnda Baxter.[1] Docket Item 24.

Poston then moved for a default judgment against the remaining defendants, William Baxter and WOL, Inc. Docket Item 27. Although Judge Roemer warned the

─────────────────

[1] Sharonnda Baxter subsequently filed for bankruptcy, and Poston requested that "no further action be taken in this matter with respect to Ms. Baxter." Docket Item 25.

defendants that their "failure to respond will likely result in a recommendation . . . that [Poston's] motion for default judgment be granted,"[2] neither William Baxter nor WOL, Inc., responded to the motion.  On October 17, 2022, Judge Roemer issued a Report and Recommendation ("R&R") finding that Poston's motion should be granted.  Docket Item 28.  More specifically, Judge Roemer recommended that Poston be awarded $500 in statutory damages and that the prior award of $5,690 in attorney's fees and costs against Sharonnda Baxter be assessed jointly and severally on William Baxter and WOL, Inc., as well.  *Id.*  The parties did not object to the R&R, and the time to do so now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Roemer's R&R as well as the submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Roemer's recommendation to grant Poston's motion for a default judgment against William Baxter and WOL, Inc.

---

[2] That notice was mailed to William Baxter and WOL, Inc.

For the reasons stated above and in the R&R, the plaintiff's motion for a default judgment, Docket Item 27, is GRANTED.  The Clerk of the Court shall enter judgment in favor of the plaintiff against William Baxter and WOL, Inc., in the amount of $500.  The Clerk of the Court also shall amend the prior judgment against Sharonnda Baxter in the amount of $5,690 to add defendants William Baxter and WOL, Inc., as judgment debtors.  The Clerk of the Court shall close the case.

SO ORDERED.

Dated:          December 14, 2022
                Buffalo, New York


                                   /s/ Lawrence J. Vilardo
                                  LAWRENCE J. VILARDO
                                  UNITED STATES DISTRICT JUDGE